Argued and submitted December 12, 1988, reversed and remanded to referee for further proceedings February 22, 1989

In the Matter of the Compensation of
Russell V. Hunnicutt, Claimant; and
In the Matter of the Complying Status of
Willis D. Dollarhyde, Employer.

HUNNICUTT,
*Petitioner,*

*v.*

DOLLARHYDE et al,
*Respondents.*

(WCB Nos. 87-18715, 87-18716; CA A48528)

768 P2d 444

Robert G. Dolton, Portland, argued the cause and filed the brief for petitioner.

No appearance for respondent Willis D. Dollarhyde.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Graber and Riggs, Judges.

PER CURIAM

## PER CURIAM

The referee found that claimant is not a subject worker under ORS 656.027 and held that Dollarhyde is not, therefore, a noncomplying employer. ORS 656.023. Claimant has petitioned for judicial review of that order under ORS ch 183.

SAIF concedes that Dollarhyde is an employer under ORS 656.029(1).[1] Both Dollarhyde and the referee misread ORS 656.027(3)[2] to exclude as subject workers casual *employes*. That subsection refers to casual *employment*. That one's employment is casual does not deprive an employe of protection, if the employment is in the course of the trade, business or profession of the employer.

Reversed; remanded to the referee for further proceedings not inconsistent with this opinion.

---

[1] ORS 656.029(1) provides:

"If a person awards a contract involving the performance of labor where such labor is a normal and customary part or process of the person's trade or business, the person awarding the contract is responsible for providing workers' compensation insurance coverage for all individuals, other than those exempt under ORS 656.027, who perform labor under the contract unless the person to whom the contract is awarded provides such coverage for those individuals before labor under the contract commences. If an individual who performs labor under the contract incurs a compensable injury, and no workers' compensation insurance coverage is provided for that individual by the person who is charged with the responsibility for providing such coverage before labor under the contract commences, that person shall be treated as a noncomplying employer and benefits shall be paid to the injured worker in the manner provided in [the Workers' Compensation Law] for the payment of benefits to the worker of a noncomplying employer."

[2] ORS 656.027 provides, in relevant part:

"All workers are subject to ORS 656.001 to 656.794 except those nonsubject workers described in the following subsections:

"* * * * *

"(3)(a) A worker whose employment is casual and either:

"(A) The employment is not in the course of the trade, business or profession of the employer; or

"(B) The employment is in the course of the trade, business or profession of a nonsubject employer.

"(b) For the purpose of this subsection, 'casual' refers only to employments where the work in any 30-day period, without regard to the number of workers employed, involves a total labor cost of less than $200."