Argued and submitted February 25, affirmed May 15, 1991

In the Matter of the Compensation of
Pablo G. Cortes, Claimant.

Pablo G. CORTES,
*Petitioner,*

*v.*

Bonnie WYLAND,
dba Hilly Acres,
and SAIF Corporation,
*Respondents.*

(88-17078, 88-19802; CA A66024)

810 P2d 1349

Robert Wollheim, Portland, argued the cause for petitioner. With him on the brief was Welch, Bruun & Green, Portland.

Steven Schwindt, Canby, argued the cause for respondent Bonnie Wyland, dba Hilly Acres. With him on the brief was Reif & Reif, Canby.

Thomas E. Ewing, Assistant Attorney General, Salem, waived appearance for respondent SAIF Corporation.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Claimant seeks review of a Workers' Compensation Board order that held that he is not entitled to compensation because he was a nonsubject worker under ORS 656.027(3).[1] We affirm.

The Board adopted the referee's findings:

"Hilly Acres is a 148 acre farm located near Molalla, Oregon. Approximately 65 acres of the land is in pasture and the remainder is forest. Hilly Acres usually has between 30 and 35 head of cattle. In approximately October of each year cattle are sold. In 1987 Hilly Acres sold cattle that resulted in total proceeds of $8,885. In 1988 Hilly Acres sold 28 calves, four cows and one bull for total proceeds of approximately $9,000. In 1986 and 1987 the farm operation resulted in a net loss for income tax purposes.

"The real property is owned by Bonnie V. Wyland. George Wyland is Bonnie Wyland's son. Except for his military service, George Wyland has lived in his mother's home since 1968. He does not pay rent and does not contribute to the purchase of food. If he did not live with his mother, he would incur living expenses of more than $500 per month. Until her retirement in late 1987, Bonnie Wyland was employed full time away from her home and farm. George Wyland has been employed full time away from the home and farm for the past 13 years. Since his father died in 1968, George Wyland has performed the necessary physical labor for the maintenance and operation of the farm. Bonnie Wyland does not do any physical labor on the farm. George and Bonnie Wyland do not have any written agreement as to what each is supposed to do in connection with the operation of the farm. One piece of farm equipment, a tractor, is owned in George Wyland's

---

[1] ORS 656.027(3) provides:

"All workers are subject to ORS 656.001 to 656.794 except those nonsubject workers described in the following subsections:

"* * * * *

"(3)(a) A worker whose employment is casual and either:

"(A) The employment is not in the course of the trade, business or profession of the employer; or

"(B) The employment is in the course of the trade, business or profession of a nonsubject employer.

"(b) For the purpose of this subsection, 'casual' refers only to employments where the work in any 30 day period, without regard to the number of workers employed, involves a total labor cost of less than $200."

name. In addition to performing maintenance, George Wyland uses his own funds to purchase and pay for necessary goods and services to run the farm. Once each year he turns his receipts over to Bonnie Wyland. He receives a portion of the proceeds from the sale of cattle, after other expenses are covered. For the year 1987 he received exactly $4,000. He expects to receive a portion of the proceeds of the 1988 cattle sale, but did not know how much he would receive as of the hearing. He does not always receive funds after the sale of cattle.

"Each summer the 65 acres of pasture are harvested as hay. The usual practice is for George Wyland to hire teenage neighbors to put up the hay. In July 1988 no neighbors were available. George Wyland recruited claimant and five other persons to put up the hay. The contract of hire was that each worker would be paid $4 per hour and would be transported by George Wyland from Woodburn, Oregon to the farm and returned to Woodburn after the work was completed each day.

"On July 18, 1987 all six persons worked and, in the aggregate, earned a total of $171. On July 19, 1987 George Wyland picked up claimant and two other persons in Woodburn to complete the haying. George Wyland anticipated that it would take approximately 6 man hours to complete the haying. On the way from Woodburn to Molalla the vehicle driven by George Wyland was involved in a motor vehicle accident in which claimant received a compression fracture of T6. Neither claimant nor any of the other workers did any more work and George Wyland finished putting up the hay himself. Claimant made a claim for workers' compensation benefits, which was denied by the SAIF Corporation on the ground that claimant was not a subject worker." (Citations omitted.)

The Board concluded that claimant's work was casual under ORS 656.027(3)(b), that he was working for Hilly Acres and that the work was in the course of its business. It also concluded that the Wylands are partners and, accordingly, are not subject workers of Hilly Acres under ORS 656.027(8).[2] Lastly, it concluded that, because neither

---

[2] ORS 656.027 provides:

"All workers are subject to ORS 656.001 to 656.894 except those nonsubject workers described in the following subsections:

"* * * * *

George nor Bonnie is a subject worker, Hilly Acres is not a subject employer. Therefore, ORS 656.027(3)(a)(B), claimant is not entitled to benefits.

■ In claimant's first assignment of error, he asserts that the Board erred in holding that Hilly Acres is not a subject employer. He argues that George Wyland was a subject worker of Hilly Acres, because he did most of the physical labor and hired other employees as needed; he received consideration in excess of $200 per month; and Bonnie Wyland had the right to direct and control his work activities. The Board disagreed, because George's share of the proceeds of the cattle sales and the room and board that he received did not bear any relationship to the amount of work that he performed. It also found insufficient evidence that Bonnie had the right to direct and control George's operation of the farm. Based on those findings, we agree with the Board's conclusion that George and Bonnie were partners and that neither was a subject employee of Hilly Acres. It follows that Hilly Acres was not a subject employer. ORS 656.023.

■ Claimant also asserts that the Board erred as a matter of law in holding that he is not a subject worker; he relies on *Hunnicutt v. Dollarhyde,* 95 Or App 375, 768 P2d 444 (1989), for the proposition that ORS 656.027(3) is inapplicable "where the employment is in the course of the trade, business or profession of the employer." *Hunnicutt* is inapposite. The parties there agreed that Dollarhyde was an employer, *contrary to what the referee had found.* We remanded for a determination of whether the claimant was involved in casual employment under ORS 656.027(3)(b), which is not the issue here. Moreover, ORS 656.027(3)(a)(B) applies to casual employment in the course of the business of a nonsubject employer. The Board did not err.

■ In his second assignment of error, claimant asserts that the Board erred in holding that Hilly Acres is a partnership, because that issue was neither raised nor argued. Employer responds:

"(8) Partners who are not engaged in work performed in direct connection with the construction, alteration, repair, improvement, moving or demolition of an improvement on real property or appurtenances thereto. When labor or services are performed under contract, the partnership must qualify as an independent contractor."

"This issue is properly before the [Board] because [claimant], in fact, raised it when he attempted to claim that George Wyland was a subject employee. This is not an attempt to introduce a new issue. Rather, it is an explanation of the issue raised by [claimant]."

We agree with employer that, when claimant raised the issue of whether Hilly Acres is a subject employer, that necessarily required the referee to determine if any of the exceptions in ORS 656.027 apply. We hold that the issue was properly before the Board.

Affirmed.